GEO. S. CARTER AND JAYE CARTER, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 82438.    Filed April 21, 1961.

*Lawrence R. Bloomenthal, Esq.,* for the petitioners.
*Buckley D. Sowards, Esq.,* for the respondent.

MULRONEY, *Judge:* The respondent determined a deficiency in petitioners' income tax for the year 1953 in the amount of $641.63.

The only question in the case is whether George S. Carter realized additional compensation when he purchased from his employer cor-

poration 300 shares of its treasury stock for $8,400 when the fair market value of the stock at that time was $9,487.50.

### FINDINGS OF FACT.

Some of the facts are stipulated and they are found accordingly.

George S. and Jaye Carter are husband and wife and they live in Shaker Heights, Ohio. They filed their joint income tax return with the district director of internal revenue at Cleveland, Ohio.

George was, in the year 1953, vice president of the City Products Corporation at a salary of about $40,000 a year. The minutes of a January 30, 1953, stockholders meeting of said corporation contain the following:

The President discussed with the Directors the advisability of disposing of a portion of the common shares of the Corporation held in the Treasury. Thereupon, on motion by William A. Schmid, seconded by R. J. Beck, and unanimously carried, the following resolution was adopted:

RESOLVED, that the President be, and he is hereby, authorized to sell and distribute six thousand (6,000) shares of common stock of the Corporation now in the Treasury, at a price of Twenty-eight Dollars ($28.00) per share, which price is in excess of the average cost of such Treasury shares to the Corporation, said shares to be distributed to such persons and in such amounts as the president shall deem beneficial to the Corporation.

On a day in the early part of May 1953 George was in the Chicago headquarters of his employer. At that time the chief executive officer of the company offered to sell George 300 shares of the company's treasury stock for $28 a share. There was no time limit within which George could accept the offer but George accepted the offer immediately and bought the stock that day. The stock on that day was of the fair market value of $31⅝ per share. Prior to this purchase neither George nor any member of his family owned any shares of stock in the corporation. There was no restriction as to George's resale of the shares he acquired but he still owned them in September of 1960.

Respondent added the difference between the amount George paid for the stock and the fair market value of said stock ($1,087.50) to George's income for 1953.

### OPINION.

Regulations 118, sec. 39.22(a)–1(c), provide, in part, as follows:

(c) Except as otherwise provided in section 130A, if property is transferred by an employer to an employee for an amount less than its fair market value, regardless of whether the transfer is in the form of a sale or exchange, the difference between the amount paid for the property and the amount of its fair market value is in the nature of compensation and shall be included in the gross income of the employee. * * *

Petitioner contends he is within the exception of the above regulation; that the transfer of the stock to him was the result of his exercise of a restricted stock option as defined in section 130A, I.R.C. 1939.[1]

There was no option at all involved in petitioner's stock purchase transaction. His employer, through its executive officer, merely offered to sell him 300 shares of its treasury stock for a price of $8,400, which price was in excess of its average cost of such treasury shares. It is stipulated the fair market value of the shares at the time of the offer was $9,487.50. Petitioner immediately accepted the offer and paid the purchase price and received the shares that day. This was a plain purchase and sale transaction and section 130A, dealing exclusively with stock options, has no application. An option is a contract to keep an offer open for a certain period of time. Restatement, Contracts, sec. 24. No such option contract was present in this case. The executive officer of petitioner's employer made the offer to sell the stock under the authority of the corporate resolution granting the president the right to "sell and distribute" the 6,000 shares of treasury stock at a price of $28 per share to such persons and in such amounts as the president "shall deem beneficial to the Corporation." It may be the authority to "sell and distribute" includes the authority to enter option contracts to sell. We need not decide for the only contract here results from an offer to sell, without any agreement to hold the offer open for any length of time, and the immediate acceptance of the offer. Petitioner merely made a bargain purchase of his employer's treasury stock in the year in question which amounted to additional compensation to him of $1,087.50 in that year and should

---

[1] SEC. 130A. EMPLOYEE STOCK OPTIONS.

(a) TREATMENT OF RESTRICTED STOCK OPTIONS.—If a share of stock is transferred to an individual pursuant to his exercise after 1949 of a restricted stock option, and no disposition of such share is made by him within two years from the date of the granting of the option nor within six months after the transfer of such share to him—

(1) no income shall result at the time of the transfer of such share to the individual upon his exercise of the option with respect to such share;

   *    *    *    *    *    *    *

This subsection and subsection (b) shall not apply unless (A) the individual, at the time he exercises the restricted stock option, is an employee of the corporation granting such option or of a parent or subsidiary corporation of such corporation, or (B) the option is exercised by him within three months after the date he ceases to be an employee of any of such corporations.

   *    *    *    *    *    *    *

(d) DEFINITIONS.—For the purposes of this section—

(1) RESTRICTED STOCK OPTION.—The term "restricted stock option" means an option granted after February 26, 1945, to an individual, for any reason connected with his employment by a corporation, if granted by the employer corporation or its parent or subsidiary corporation, to purchase stock of any of such corporations, but only if—

(A) At the time such option is granted the option price is at least 85 per centum of the fair market value at such time of the stock subject to the option; and

(B) Such option by its terms is not transferable by such individual otherwise than by will or the laws of descent and distribution, and is exercisable, during his lifetime, only by him; and

(C) Such individual, at the time the option is granted, does not own stock possessing more than 10 per centum of the total combined voting power of all classes of stock of the employer corporation or of its parent or subsidiary corporation. * * *

have been included in his income for said year under section 22(a), I.R.C. 1939. In *Commissioner* v. *LoBue*, 351 U.S. 243, the Supreme Court said: "Since the employer's transfer of stock to its employee LoBue for much less than the stock's value was not a gift, it seems impossible to say that it was not compensation."

*Decision will be entered for the respondent.*